# SCOTT v. STATE.

No. A-11398.   Oct. 10, 1951.

(236 P. 2d 517.)

Matt S. Simms, Sand Springs, and Cal Hamilton, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   C. C. Scott was charged, tried and convicted in the court of common pleas of Tulsa county, of the possession of intoxicating liquor, and his punishment was fixed at a fine of $50, and thirty days confinement in the county jail.   Appeal was duly perfected to this court, but when the case was called for final submission, no appearance was made, and it was submitted on the record.   No briefs have been filed, and many months have passed since the lapse of time for filing.

We have read the entire record and find no error.   When no brief is filed, and there is no error apparent on the face of the record, judgment of conviction will be affirmed.   Arnold v. State, 71 Okla. Cr. 166, 110 P. 2d 309.

The accused had a current Federal liquor license.   The officers were watching him and observed him while standing by the side of his two-door automobile, reach behind the front seat and bring out a pint bottle of whiskey, and put the same in a pocket.   The officers swore that they recognized the object as being a bottle of whiskey.   It was not wrapped up. The arrest and search followed.   One officer, on motion to suppress, was asked whether or not the search would have been made if the defendant had removed a grip, in the place of a pint of whiskey, and he answered that he would have probably searched anyway, although admittedly he had no search warrant.   Such statement, though not within the facts of the within case, is so serious that we must observe that it is such tactics on the part of officers that causes disrespect for the law.   An officer must observe both the spirit and the letter of the law, if the democratic way of life is to be maintained.   Such maintenance will depend in a large measure on the wholehearted support of the general publc which can not be calculated to be obtained without the public having confidence in the integrity, intelligence and fairness of those entrusted with the enforcement of the laws enacted by the people.

The judgment of the court is affirmed.

BRETT, P. J., and JONES, J., concur.