# FEDDIS v. STATE.

### No. A-11685. Sept. 10, 1952.

### (248 P. 2d 265.)

Coffey, Lassiter & Coffey, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.  The defendant Euel (Eweulis G.) Feddis, was charged by information filed in the court of common pleas of Tulsa county with the unlawful sale of intoxicating liquor. When arraigned defendant entered a plea of not guilty, and asked for a jury trial. Bond was made and defendant released. On September 23, 1951, when the case was called for trial, defendant was present in person, and by attorney asked leave and was granted permission to withdraw his plea of not guilty and enter a plea of guilty. The court set October 23, 1951, as the day for sentence. On that day the minutes of the court clerk show that the defendant and his attorney were present, and that defendant was sentenced to 30 days in jail, and to pay a fine of $75 for the unlawful sale of intoxicating liquor. Defendant excepted to the ruling of the court, and gave notice of appeal. Formal "judgment and Sentence on Plea of Guilty" was filed the same day, and shows that the defendant entered a plea of guilty to the crime of unlawful possession of intoxicating liquor, and that he was sentenced to 30 days in jail and a fine of $75 "for said offense of unlawful possession of intoxicating liquor."

The appeal was filed in this court on December 18, 1951, and under the rules of this court, a brief should have been served on the Attorney General and filed in this court within 30 days. No brief has been filed, and no extension of time requested by defendant.

It is also a rule of this court that where an appeal is taken from a judgment of conviction, and no brief is filed and no appearance for oral argument made, the Criminal Court of Appeals will examine the record for jurisdictional

errors, and if no fundamental error appears, the judgment will be affirmed. Scott v. State, 94 Okla. Cr. 380, 236 P. 2d 517.

It will be noted that the defendant was charged with the unlawful sale of intoxicating liquor, entered his plea of guilty to that charge, and the minutes of the court clerk show that he was sentenced for such offense, and that the formal judgment and sentence entered show that he was sentenced for unlawful possession of intoxicating liquor. This discrepancy was not set out in the petition in error. No motion in arrest of judgment was presented raising the question. However, we have considered the entire record, and it is clear that defendant was charged and convicted of the offense of unlawful sale of intoxicating liquor. On his plea of guilty there can be no question of his guilt. This court will not reverse a case on account of a technical error or defect which did not deprive the defendant of some substantial right. We find that this defendant was not deprived of any such right. The error can be corrected without injury to the rights of the defendant.

In the petition in error, the defendant asks that this court vacate and set aside the judgment, for the reason that the penalty is excessive; that the defendant had never before been convicted for possession of intoxicating liquor, and that the judgment of the court is excessive. We do not find the punishment assessed to be excessive.

It is, therefore, ordered that all the proceedings had in the trial court, with the exception of the formal judgment and sentence filed, be and the same are approved and affirmed; that the judgment and sentence of the trial court be set aside upon the ground of the variance between the charge and plea, and the formal judgment and sentence, and that this cause be remanded to the court of common pleas of Tulsa county with directions to the judge of said court to resentence the defendant for the offense of unlawful sale of intoxicating liquor, in conformity to the information and plea of guilty. When the defendant has been resentenced, in accordance with this opinion, he shall be forthwith delivered to the sheriff of Tulsa county so that the sentence of the court may be executed without further delay.

BRETT, P. J., and JONES, J., concur.